UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NEXEN PETROLEUM U.S.A. INC. | § | CIVIL ACTION |
| | § | |
| versus | § | NO. |
| | § | |
| CLEAN TANK, LLC;  ABC INSURANCE | § | |
| COMPANY; M N M BOATS, INC.; and | § | JUDGE: |
| HOUSTON CASUALTY COMPANY | § | MAGISTRATE: |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Nexen Petroleum U.S.A. Inc. ("Nexen"), and with respect, represents as follows:

1.

Nexen is a Delaware corporation authorized to do and doing business within Louisiana and this district.

2.

Made defendants herein are:

 A) Clean Tank, LLC ("Clean Tank"), a domestic limited liability company domiciled in this district; and

 B) ABC Insurance Company ("ABC"), a foreign insurer authorized to do and doing business within Louisiana;

  C) M N M Boats, Inc. ("M N M"), a domestic corporation domiciled in this district; and

  D) Houston Casualty Company ("XYZ"), a foreign insurer authorized to do and doing business within Louisiana.

3.

The jurisdiction of this Honorable Court is based on admiralty and maritime law, 28 U.S.C. § 1333.

4.

Ernest Jones, an employee of Clean Tank, has alleged that on August 30, 2010, he sustained injury while working at Port Fourchon, within this district, as a result of the negligence and fault of various defendants, including M N M. This incident will hereinafter be referred to as "the Accident."

5.

As a result of the Accident, Ernest Jones filed suit in federal court in the Southern District of Texas, against M N M and Newpark Drilling Fluids, L.L.C.; Newpark Drilling Fluids, Inc.; and Newpark Environmental Services (collectively referred to as "Newpark"). This lawsuit was assigned docket number 3:11-cv-00404, and will hereinafter be referred to as the "Jones Litigation."

6.

At the time of the Accident, Newpark was providing services to Nexen pursuant to a Master Service Agreement ("MSA"), dated September 12, 2006.

7.

Pursuant to the terms of the MSA, Newpark has alleged that Nexen was obligated to indemnify and defend Newpark for the Jones Litigation, and tendered its defense to Nexen. Nexen

accepted the tender and is indemnifying and defending Newpark in connection with the Jones Litigation.

## CLAIM AGAINST CLEAN TANK

8.

At the time of the Accident, Clean Tank and its employee, Ernest Jones, were performing work for Nexen.

9.

At the time of the Accident, Clean Tank had a Master Service Agreement with Nexen. However, subsequent to the Accident, but prior to the time that Ernest Jones filed the Jones Litigation, Clean Tank and Nexen entered into a new Master Service Agreement, dated January 4, 2011 (the "Clean Tank MSA").

10.

The Clean Tank MSA, at paragraph 22, provides:

> SUPERSEDURE:  This Contract supersedes and cancels all prior agreements or understandings (written or oral) between CONTRACTOR and COMPANY with respect to the Services to be performed and/or Materials to be provided by CONTRACTOR to COMPANY under this Contract or applicable Order.

11.

As a result of paragraph 22, the Clean Tank MSA governs the obligations of the parties with respect to the Jones Litigation, which was filed by Ernest Jones on August 30, 2011, after the effective date of the Clean Tank MSA.

12.

The Clean Tank MSA, at paragraph 13, requires that Clean Tank shall maintain in full force and effect insurance policies and coverage for the benefit of and to protect Nexen from and against claims arising out of the services provided by Clean Tank to Nexen. Specifically, but without limitation, Clean Tank must provide commercial general liability insurance to Nexen with a limit of $1,000,000.

13.

The Clean Tank MSA, in paragraph 13.8, requires that Clean Tank name Nexen as an additional insured on its insurance policies, and that these policies must provide primary insurance for Nexen.

14.

Further, and/or in the alternative, Clean Tank and Nexen had a Master Service Agreement dated October 3, 2003, which was in effect at the time of the Accident (the "2003 MSA").

15.

The 2003 MSA also requires, in paragraph 13, that Clean Tank obtain insurance policies covering its services to Nexen, in particular, commercial general liability insurance of at least $5,000,000. This insurance must name Nexen as an additional insured and must be primary to any insurance of Nexen.

16.

Upon information and belief, ABC issued a policy of commercial general liability to Clean Tank which provides insurance coverage for Nexen as required by the Clean Tank MSA and the 2003 MSA.

17.

As a result of the agreements outlined above, Nexen is entitled to insurance coverage for the attorneys' fees and defense costs it has incurred and will incur defending the claims against Newpark in the Jones Litigation, and coverage for any amounts to be paid by Newpark or Nexen through settlement or judgment in the Jones Litigation.

18.

Nexen wrote to Clean Tank, through its counsel, demanding said coverage and requesting that Clean Tank notify its insurer of Nexen's claim.  Clean Tank has refused to provide this insurance coverage to Nexen.

19.

If Clean Tank has not obtained the required insurance coverage for Nexen, then Clean Tank is liable to Nexen for the amounts and coverages of the required insurance.

### CLAIM AGAINST M N M BOATS, INC.

20.

At the time of the Accident, M N M was providing services to Nexen pursuant to a Blanket Time Charter Agreement, dated February 20, 1997, as supplemented by an Exhibit A for the *M/V Ms Sara Jane*, dated July 27, 2009.  The Blanket Time Charter Agreement and the Exhibit A are referred to collectively as the "Blanket Time Charter."  The Blanket Time Charter was entered into by predecessor and/or parent companies of M N M and Nexen, and the references herein to Nexen and M N M include those predecessor and/or parent companies.

21.

This Blanket Time Charter contains various indemnity and defense rights and obligations between Nexen and M N M.

22.

Further, the Blanket Time Charter, at paragraph 12, requires that the parties maintain various insurance coverages, as more particularly set forth in Exhibit B to the Blanket Time Charter. The Exhibit B requires that M N M maintain comprehensive general liability insurance and/or protection and indemnity insurance policies with limits of at least $1,000,000, which name Nexen as an additional insured in connection with M N M's operations under the Blanket Time Charter.

23.

Upon information and belief, XYZ provided a policy of commercial general liability insurance to M N M which provides coverage as required by the Blanket Time Charter.

24.

As a result of the Blanket Time Charter, Nexen is entitled to insurance coverage for the attorneys' fees and defense costs it has incurred and will incur defending the claims against Newpark in the Jones Litigation, and coverage for any amounts to be paid by Newpark or Nexen through settlement or judgment in the Jones Litigation.

25.

Nexen wrote to M N M, through its counsel, demanding said coverage and requesting that M N M notify its insurer of Nexen's claim. M N M has refused to provide this insurance coverage to Nexen.

26.

If M N M has not obtained the required insurance coverage for Nexen, then M N M is liable to Nexen for the amounts and coverages of the required insurance.

**WHEREFORE,** the premises considered, Nexen Petroleum U.S.A. Inc. prays that this Complaint be deemed good and sufficient, and that, after due proceedings, there be judgment in its favor against Clean Tank, LLC; ABC Insurance Company; M N M Boats, Inc.; and Houston Casualty Company, for the relief sought herein, and for all interest, costs and attorneys' fees as allowed by law, and for further relief as may be just in the premises.

Respectfully submitted,

ADAMS, HOEFER, HOLWADEL
 & ELDRIDGE, L.L.C.

 /s/ Bruce R. Hoefer, Jr.
BRUCE R. HOEFER, JR. (No. 6889), T.A.
IRA J. ROSENZWEIG  (No. 17123)
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:  (504) 581-2606
Facsimile: (504) 525-1488
Email:    brh@ahhelaw.com
              ijr@ahhelaw.com

Attorneys for plaintiff, Nexen Petroleum U.S.A. Inc.